```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**HAROLD LEROY FISHER, JR.,**

                **Petitioner,**

        **v.**                                                **CASE NO. 07-3107-RDR**

**DUKE TERRELL,**

                **Respondent.**

## O R D E R

This matter is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se in this matter. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Petitioner challenges the execution of his sentence. He claims the Bureau of Prisons wrongfully denied him credit on his federal sentence for the time petitioner served in state custody for service of a state sentence that was to be served concurrently with petitioner's federal sentence pursuant to the state sentencing court's order.

Claims raised in petitions filed under 28 U.S.C. § 2241 must be exhausted before a federal court will hear them. See <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is

generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). This requirement extends to exhaustion of administrative remedies. Dulworth v. Evans, 442 F.3d 1265 1268-69 (2006). Absent a demonstration that remedies are unavailable or inadequate such that resort to administrative remedies would be futile, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available remedies. Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(*citing* Gamble v. Calbone, 375 F.3d 1021, 1026 (10th Cir. 2004)).

In the present case, petitioner indicates he presented his claim for sentencing credit to the Bureau of Prisons without success. However, he also states this is an "emergency writ" that should be considered because the processing of his administrative remedies would not be timely enough to avoid wrongful confinement if relief were to be granted on his claim. This statement clearly implies that petitioner has not yet fully exhausted available remedies within the Bureau of Prisons, and the court finds petitioner has not yet demonstrated exceptional circumstances for excusing his failure to do so.

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed without prejudice, based upon petitioner's failure to fully exhaust administrative remedies.

Petitioner's motion for appointment of counsel is denied without prejudice to petitioner renewing this request if the court determines a response to the petition is required.

IT IS THEREFORE ORDERED that petitioner is granted leave to

proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why this action should not be dismissed without prejudice based upon petitioner's failure to exhaust administrative remedies.

DATED:  This 3rd day of May 2007, at Topeka, Kansas.


                                    s/ Richard D. Rogers
                                    RICHARD D. ROGERS
                                    United States District Judge