IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**HAROLD LEROY FISHER, JR.,**

                **Petitioner,**

      v.                                      **CASE NO. 07-3107-RDR**

**DUKE TERRELL,**

                **Respondent.**


**O R D E R**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se and in forma pauperis on an application for a writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner seeks emergency relief on his claim that the Bureau of Prisons is wrongfully denying him credit on his federal sentence for petitioner's service of a state sentence the state sentencing court ordered to be served concurrently with petitioner's federal sentence.  The record reveals that plaintiff's federal sentence was interrupted by his escape, and that service of his federal sentence did not recommence until his transfer to federal custody after service of his state sentence for offenses committed while he was an escapee.

By an order dated May 3, 2007, the court directed petitioner to show cause why this action should not be dismissed based upon petitioner's apparent failure to fully exhaust administrative

remedies. In response, petitioner argues administrative remedies are neither available nor adequate under the circumstances, and maintains he is entitled to an emergency writ of habeas corpus for his release because his federal sentence has expired.

Having carefully reviewed petitioner's pleadings, the court remains convinced that petitioner must first fully exhaust administrative remedies before seeking federal habeas corpus relief, especially where petitioner acknowledges he is currently pursuing administrative remedies. The USPLVN Warden's denial of petitioner's grievance, notwithstanding petitioner's insistence that he is entitled to immediate relief from a sentence alleged to be illegal, does not excuse petitioner from the requirement that he fully exhaust administrative remedies available within the Bureau of Prisons.

Petitioner's motion for a temporary restraining order, to prevent his transfer from USPLVN while the instant action is still pending, is denied as moot. Additionally, no such relief would be appropriate because petitioner has not demonstrated a substantial likelihood of prevailing on the merits of his claim,[1] or that he will suffer irreparable harm if he is transferred to a minimum security facility. *See* Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980)(stating requirements for obtaining provisional injunctive

---

[1] *See e.g.*, Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991)("The determination by federal authorities that [an inmate's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.")

relief).

    IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

    IT IS FURTHER ORDERED that petitioner's motion for a temporary restraining order (Doc. 7) is denied as moot.

    DATED:  This 22nd day of May 2007, at Topeka, Kansas.

                           s/ Richard D. Rogers
                            RICHARD D. ROGERS
                            United States District Judge